## St. George's Adoption

*S. Y. Rossiter*, for petitioner.
*Mortimer E. Graham*, for natural father.

WAITE, P. J., September 3, 1942.—This matter is before the court on petition of Darwin P. Aley, husband of Thelma Florence Aley, for the adoption of Shirley Ann Helen St. George, now eight years of age, a daughter of said Thelma Florence Aley by a former marriage to Harry St. George.

Under section 2(b) of the Adoption Act of July 2, 1941, P. L. 229, it is unnecessary for a mother, who is the wife of a petitioner, to join in the petition. Harry St. George, the father of the child, has refused to consent to the adoption. Notice of the hearing was served upon him and he appeared in person and by counsel and opposed the adoption. Under the Adoption Act it is necessary to have the consent of the natural parents, if living and of sound mind, except in cases of abandonment. The question here is whether the adoption of a female child eight years of age may be decreed against the protest of the father who has utterly failed and neglected to support and care for said child. In other words, does such failure amount to abandonment? Darwin P. Aley, petitioner, is the husband of Thelma Florence Aley, mother of Shirley Ann Helen St. George. The testimony shows that petitioner is an inspector at the General Electric Company plant in Erie, where he earns a good salary; that he is fond of this child, is a man of good character, and the owner of a comfortable home in the best residential section of Wesleyville, a suburb of the City of Erie. Harry St. George, the father, for the past six months has been an executive in the office of a deputy coroner of the county of Erie, earning $18 per week, in addition to a percentage of the profits of the undertaking firm in which he is employed. He testifies that prior to that time he had no fixed income, although he has been a licensed undertaker for upwards of six years. He says that he was and still is a student, the expense of his schooling being paid by an uncle. He and the mother of the child were divorced in 1936. Since that time he

has not seen his child except on one or two occasions and has never contributed anything to her support, except to send her a dress by a sister as a Christmas present in 1937. The child was supported by her mother who, after her divorce from protestant, made her home with her grandparents prior to her marriage to petitioner. Since that time both the mother and the child have been supported and provided a good home by him. Now that this proceeding for adoption is pending protestant has, for the first time, offered to support his child, and appeared to show any interest whatever in her.

It is needless to say that a court should approach a question of this kind with great care as the natural right of a father in his child should not be taken away from him without sufficient cause, but the Adoption Act also requires us to carefully consider the welfare of the child. Abandonment fairly may, and in our judgment does, import any conduct on the part of a parent which shows a settled purpose to forego all parental duties and relinquish all parental claims to the child. Such a purpose, clearly manifested, certainly forms a more reasonable ground for permitting judicial discretion to decide whether another may assume these claims and duties than the signature of the parent, which indifference or a mere impulse may induce. It does not follow that the purpose thus manifested may not be repented of, and in a proper case all parental rights again acquired, including this statutory right of preventing adoption by withholding consent; but, when the abandonment is shown to have existed, it becomes a judicial question whether it really has been terminated or can be consistently with the welfare of the child. When, in pursuance of an abandonment by a parent, new ties have been formed and a new station in life has been taken by the child, it might be a great injustice both to the child and foster parents if, solely because of the parent's caprice, legal

sanction should be refused to the new conditions. Under such circumstances, a court might lawfully deem the abandonment irrevocable, so far as the claim of such parent is concerned. In addition to the failure to support or show any affection for his child for a period of over eight years, the father apparently did not even recognize his child in court at the time of the hearing, since he was observed to walk past her without speaking. Abandonment may be a matter of intention, but as to such a state of mind manifesting the presence or absence of parental care and affection actions speak much louder than words. Under the facts in this case, we are clearly of opinion that Harry St. George has, within the statutory sense, abandoned his child and his consent is not, therefore, legally necessary to the adoption.

The child in this case is an unusually attractive and bright little girl, now past eight years of age. She has been in school for the past two years and the report of her school record is exceptionally good. We have talked with her in chambers apart from all parties in interest in this proceeding. She is fond of her mother and petitioner and does not now regard Harry St. George as her father. She is very happy and contented in her present home and, in our opinion, the prayer of petitioner for her adoption should be granted. It has always been our desire in adoption cases, so far as possible, to have children adopted into homes of the same religious faith as their natural parents, but in this case that is not entirely possible since the mother of the child, as well as petitioner, are of one faith and the natural father of another.

We are clearly of opinion that the welfare and best interests of Shirley Ann Helen St. George will be promoted by the granting of this petition, that a great injustice would result from its refusal, and that all the requirements of the Adoption Act of April 4, 1925, P. L. 127, as amended, have been complied with. A

decree will, therefore, be drawn showing abandonment of this child by her father, and the record will be impounded and kept from the view of all persons, except by permission of court.